

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 21, 1939

Hon. James W. Strawn
County Attorney
Willacy County
Raymondville, Texas

Dear Sir:

> Opinion No. O-274
> Re: Inhabitants of territory annexed
> by city may vote in city election
> although the territory had not been
> annexed for a period of 6 months
> prior to the election, if such
> inhabitants, at the time of the
> election, had lived within such
> territory for a period of 6 months.

Your letter of March 8th submits the following question:

"Is the residence of a person who has lived
in territory adjoining a city for a long period
sufficient to allow him to vote in a city
election for city officers when the territory
in which that person has lived is annexed to
the city less than six months prior to the
date of the election?"

Article 2957, Revised Statutes, provides:

"All qualified electors of this State, as des-
cribed in the two preceeding articles, which
have resided for six months immediately preceed-
ing an election within the limits of any city
or incorporated town, shall have a right to
vote for Mayor and all other elected officers;
but, in all elections to determine the expendi-
ture of money or assumption of debt or issuance
of bonds, only those shall be qualified to vote
who pay taxes on property in such city or in-
corporated town."

Article 974, Revised Statutes, provides the method of annexing territory to a city, and further provides that "the inhabitants thereof shall be entitled to all the rights and privileges of other citizens, and bound by the acts and ordinances made in conformity thereto and passed in pursuance of this title."

Article 1135, Revised Statutes, sets up the machinery for annexing territory to towns and villages, and concludes as follows:

"Thenceforth the territory so received shall be a part of said town or village, and the inhabitants shall be entitled to all the rights and privileges of other citizens, and bound by all the acts and ordinances made in conformity thereto and passed in pursuance of this chapter."

In Indiana Railway Co. vs. Hoffman, 161 Ind. 593, 69 N.E. 399, there was presented to the court a case where the street railway company had accepted a franchise providing that passengers within the city limits should be entitled to free transfer. After the acceptance of the franchise, the city limits were extended, and the street railway company contended that it was not required to give free transfer to passengers within the annexed territory, but that its obligation was limited to passengers within the city limits as they existed at the time the franchise was accepted. The court, in its opinion, said:

"Upon no view of the case can the provision 'within the limits of the city' be interpreted to have been intended under the agreement embraced in the proposition made by appellant to apply only to such limits as then fixed."

Further in said opinion, the court used the following language:

"This agreement, as we have seen, cannot be held to apply only to passengers who are transported on appellant's cars within the old limits of the city, but must be held to apply to and include any and all passengers whose destination is within the limits of the city as they were extended by the annexation of the territory in controversy. This extension, as we have said, by the municipal authorities, was the exercise of governmental powers. In a legal sense the city is a unit, although its boundaries may be changed from time to time by extension,

and all persons within the limits thereof as extended become bound by, and must yield obedience to, its ordinances. It certainly in reason cannot be asserted that an ordinance adopted by a city must, in its operation, forever be confined to the limits of the municipality as they were at the time it was passed, and cannot become operative in territory thereafter annexed and made a part of the corporation. And with no more force and reason can it be said in this case, under the circumstances, that the agreement of appellant in regard to issuing transfer tickets to passengers is not operative within the limits of the city as thereafter extended. In support of this proposition, see McCallie v. The Mayor et al, 3 Head, 317; St. Louis, etc., Co. v. St. Louis, 46 Mo. 121; Town of Toledo v. Edens, 59 Iowa 352, 13 N.W. 313; Town of Milwaukee v. Milwaukee, 12 Wis. 93; 20 Am. & Eng. Ency. of Law, p. 1152."

In Moore vs. Plott, 206 S.W. 958, the Court of Civil Appeals held that the right to vote is a privilege conferred by the Constitution and is not to be taken away except by clear command of law.

We therefore answer your question that the inhabitants of the annexed territory, if otherwise qualified to vote, may vote in a city election held within less than six months after the territory is annexed. The language of the statute refers to the city limits as they exist at the time the election is held, and does not refer to the city limits as they may have existed at some prior time.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     A. S. Rollins
Assistant

ASR:PBP

APPROVED:

ATTORNEY GENERAL OF TEXAS